594

(No. 2601— )

LILLIAN HESLER, CONRAD HESLER, KENNETH HESLER, FRANK HESLER, JR., GEORGE WILLIAM HESLER, ROSEMARY HESLER AND WANDA JEAN HESLER, MINORS, BY LILLIAN HESLER, THEIR MOTHER AND NEXT FRIEND, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

JOHN W. FRIBLEY AND WILTON A. CARR, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimants seek an award of Five Thousand Five Hundred Dollars ($5,500.00) under the terms of the Workmen's Compensation Act by reason of the death of Frank Hesler, the husband of claimant, Lillian Hesler.

A Stipulation of Facts has been filed herein showing that Frank Hesler was employed in the Division of Highways as a maintenance foreman at a salary of One Hundred Forty-five Dollars ($145.00) per month; that while engaged in such highway work on November 15, 1934, he was struck on the right leg below the knee by a wheel of a road grader. The injury did not seem serious at the time and he continued to work for several days thereafter; he was then advised to have medical attention for same and was treated by Dr. Louis H. Miller of Pana and by Dr. N. J. Haughton of Greenup. The latter made an X-ray of the injured leg and testified that it did not affect the bone in any way. The stipulation further states that Frank Hesler died on December 16, 1934, and that the doctor's death certificate stated that death was due to heart trouble with the injury to the right leg being a contributory cause. It further appears that deceased was the father of six children under the age of sixteen years and that the

claimants and deceased were living together as a family at the time of the accident, being supported by him.

Dr. Haughton testified that he had been the family physician of the Heslers for four or five years prior to Mr. Hesler's death and had treated him for heart trouble since 1931 or 1932; that he had pneumonia at that time and was very sick for about three weeks; that deceased called on him on November 26, 1934, and that he examined his leg at that time; that the skin was not broken but that the leg showed it had been severely bruised; that the leg condition improved prior to Mr. Hesler's death but that the heart trouble became acute about the 15th of December, 1934. Dr. Haughton testified that the real cause of death was Myocarditis or heart trouble. He further testified that the heart trouble could have possibly been accelerated by reason of the injury to the leg; that while the injury to the leg was not directly the cause of the death, that it made the heart condition worse because it confined him to the bed and the pain kept him from resting.

Dr. Miller testified that he saw deceased on November 16, 1934, and that the latter was suffering pain and swelling in his limb and that there was a slight abrasion on the outer side of the right leg, about the middle third. Dr. Miller further testified that the pain and swelling in the leg would cause increased pressure on the circulation and would indirectly cause an increased load on the heart. In answer to the specific question "Do you recall whether the injury to his leg resulted in an open break in the skin?" Dr. Miller answering "Nothing more than an abrasion and I think it healed."

As shown by the proof the accident that Frank Hesler had in his employment on November 15, 1934, did not at the time apparently appeal to him as of a serious nature, for he continued to work for several days thereafter. According to Dr. Haughton, however, when he first saw Mr. Hesler on November 26, 1934, the leg was paining so severely that Mr. Hesler could not walk on it; that he was able to be up but was complaining then of shortness of breath; that there did not seem to be much change in his condition until after December 8, 1934; that the next time he saw him on December 15th the pain in the leg had become less but the heart condition was worse. The deceased had suffered from heart trouble since 1931 and the cause of his death is definitely established as

Myocarditis. The only question is whether the accident suffered by deceased on November 15, 1934, contributed sufficiently to the cause of death to authorize an award under the terms of the Workmen's Compensation Act.

It has been established by the decisions of our courts that:

"When a workman dies from a pre-existing disease, if the disease is aggravated or accelerated under certain circumstances which are said to be accidental, his death results from injuries by accident."

*American Steel Foundries* vs. *Industrial Com.*, 327 Ill. 615;

*Valier Coal Co.* vs. *Industrial Com.*, 339 Ill. 458;

*Cameron Joyce & Co.* vs. *Industrial Com.*, 324 Ill. 497.

In the case at bar Dr. Haughton was asked the question "Was the diseased condition of the heart aggravated or accelerated by the injury which he received?" and he answered "I think it was. There was a direct casual connection between his death and the injury received."

Dr. Miller testified that in his opinion the death was hastened and accelerated by the injury in question.

Under the testimony appearing in the record and the law applicable thereto the court is of the opinion that claimants are entitled to an award. The amount of compensation under Section 7 of the Workmen's Compensation Act would be a sum equal to four times the average annual earnings of the employee but not less in any event than Two Thousand Five Hundred Dollars ($2,500.00) and not more than Four Thousand Dollars ($4,000.00). Section 7 (h)-3 provides that such maximum shall be increased to the amount of Five Thousand Five Hundred Dollars ($5,500.00) in case of three or more children under the age of sixteen years at the time of the death of the employee.

The average annual earnings of Frank Hesler were One Thousand Seven Hundred Forty Dollars ($1,740.00). The maximum award would therefore be Five Thousand Five Hundred Dollars ($5,500.00); Four Thousand Dollars ($4,000.00) being for the widow in her own right and One Thousand Five Hundred Dollars ($1,500.00) on account of the children. Under the rules of the Workmen's Compensation Act such award should be made payable in weekly in-

stallments at the rate of Sixteen and 73/100 Dollars ($16.73) per week, but as payment in such manner is not feasible under existing conditions of State appropriations the award will be commuted under the rules pertaining to lump-sum awards and as so commuted an award is hereby made in favor of claimants in the sum of Five Thousand One Hundred Twenty and 50/100 Dollars, ($5,120.50), Three Thousand Seven Hundred Twenty-four Dollars ($3,724.00) of which is awarded to claimant, Lillian Hesler, in her own right and One Thousand Three Hundred Ninety-six and 50/100 Dollars ($1,396.50) thereof being awarded to Lillian Hesler as next friend for the use of Conrad Hesler, Kenneth Hesler, Frank Hesler, Jr., George William Hesler, Rosemary Hesler and Wanda Jean Hesler.